LUIS M. PAGÁN, Plaintiff and Appellee, v. FRANCISCO OTERO CHÁVEZ, Defendant and Appellant.

No. 9878.   Argued January 12, 1949.—Decided January 21, 1949.

*José M. Valentín Esteves* for appellant. *Luis M. Pagán pro se,* and *Ángel Roberto Díaz* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

When this case came before us for the first time, we rendered, on June 11 of last year, an opinion the final paragraph of which textually reads thus (see *Pagán v. Otero,* 68 P.R.R. 849, 854):

"The judgment appealed from should be reversed and, although we should render the judgment that should have been entered by the lower court granting the complaint, taking into consideration that, under § 12(*d*), *supra,* the court entering the judgment shall fix the term of eviction, which shall not be more than one year in the case of a building devoted to professional offices, businesses, commerce or industry, and that the lower court will be in a better position than this Court to determine, after hearing the parties, the term that should be fixed in this case for defendant's eviction, the case will be remanded to said court to render judgment sustaining the complaint, with costs but without including attorney's fees."

Pursuant to our directions, the lower court set a day to hear the parties regarding the term that should be granted to the defendant to surrender the premises involved in the action of unlawful detainer. After the hearing was held, said court rendered judgment in which it held as proven the facts which we copy verbatim below:

"1. That the defendant has made a considerable investment in the business which he has established in the premises involved in this action, in view of the belief, which he had entertained, that he would remain in possession of the premises for a long time.

"2. That said investment was made by the defendant chiefly because of the legal advice of the plaintiff himself, who was his attorney, or at least his notary.

"3. That, in the present circumstances, it would be quite difficult for the defendant to find adequate premises for the removal of his business, inasmuch as the economic success of the latter depends on the good will of the premises which the de-

fendant himself, through his industry and courtesy, has raised to a level of comparative importance and prestige."

And by reason of all the foregoing it decreed the eviction of the defendant within the period of "six months after the judgment becomes unappealable." The defendant thereupon appealed to this Court, and the plaintiff now seeks the dismissal of the appeal for want of jurisdiction and for frivolousness.

The want of jurisdiction, as claimed by the plaintiff, is due to the fact that, according to § 629 of the Code of Civil Procedure, 1933 ed. (Sec. 10, Act establishing unlawful detainer proceedings—Laws of 1905, p. 183), "in actions of unlawful detainer not more than one appeal shall be allowed," and he contends that in the instant case, there have been two appeals: the first, by the plaintiff, in virtue of which this Court reversed the district court and remanded the case for the fixing of the term which should be granted to the defendant for vacating the premises; and second, the one now prosecuted by the defendant. The appellee is not correct. Although it is true that there was a judgment originally rendered by the lower court, the same was reversed by us and the case remanded to that court with express directions to render judgment "sustaining the complaint, with costs but without including attorney's fees." It was so done by said court and the latter fixed the term which, in its judgment, should be granted to the defendant to surrender the premises. That is the judgment under consideration in the present case and it is appealable pursuant to the provisions of §§ 629 and 630 of the Code of Civil Procedure. It is natural that said judgment should be appealable, for, although in the rendition thereof the lower court only had discretion to fix the term for eviction, nevertheless, that discretion might have been abusively or erroneously exercised by the lower court and, hence, the party prejudiced thereby would have been entitled to have said judgment reviewed by us. The first ground of dismissal is therefore untenable.

■ The second ground set up by the appellee in his motion for dismissal is, as we have already stated, that the appeal is frivolous. It is always incumbent on the appellant to place this Court in a position to decide on the merits the appeal taken by him. In support of the appeal herein, the only error assigned by the appellant in his brief is that the lower court erred in granting him only a term of six months. As we have already stated, certain facts were held as proven in the judgment. In order that we might be able to determine whether or not those findings of facts are justified by the evidence, it would be necessary for us to examine the latter. But the appellant has not sent up to this Court the transcript of the evidence introduced at the hearing held after the receipt of our mandate, and for that reason alone his appeal could be dismissed. However, even assuming that the said findings of fact fully conform to the evidence which the lower court had before it, in view of the considerations advanced by it, we can not at all say that it abused its discretion in granting the defendant the period of six months to vacate the premises. The appeal is therefore entirely frivolous.

■ However, in fixing said period of six months for the surrender of the premises the district court relied on subdivision (d) of § 12 of Act No. 464 of April 25, 1946 (pp. 1326, 1344), which provided a period of not more than one year for vacating the premises devoted to professional offices, businesses, commerce, or industry. The term thus fixed was modified when §§ 12 and 12-A of Act No. 464 were amended by Act No. 201 of May 14, 1948 (Sess. Laws, pp. 574, 578) and § 12-B by Act No. 24 of August 21, 1948 (Spec. Sess. Laws, p. 238). All those amendments took effect prior to October 4, 1948, the date on which the lower court rendered its judgment. Consequently, it is necessary to examine these amendatory Acts to determine whether they contain any provision which would compel us to grant a different term for the surrender of the property.

At the present time, § 12 does not establish the grounds for dispossession nor the term which should be fixed in the judgment when ordering the ·eviction of a defendant. Section 12–A is the one which now specifies the only grounds on which an action of unlawful detainer may be brought, the eighth ground being "whenever the lessor is planning to demolish in whole or in part the leased building, in order to construct a new building." It was precisely on that ground that the plaintiff herein based his action.[1] And it is Act No. 24 of 1948 which at the present time fixes the period for the surrender of the property. In connection with that ground, the latter Act provides that "should the action be based on any of the grounds prescribed in paragraphs 6 to 8, inclusive, of Section 12–A, the ejectment shall be decreed ninety (90) days after the judgment becomes final." This provision of the last amendatory Act forms part of the whole unlawful detainer proceeding and, being of a procedural character, it applies not only to those proceedings instituted after the taking effect of the amendment, but also to those which, like the present one, were pending at the time the enactment was approved and took effect. *Martínez Fernández & Co.* v. *García*, 68 P.R.R. 363, 368; *Royal Bank* v. *Tax Court*, 65 P.R.R. 324, 328; *Vivó* v. *Medina*, 65 P.R.R. 821, 826; *López* v. *South P. R. Sugar Co.*, 62 P.R.R. 227, 231; *Mason* v. *White Star Bus Line*, 53 P.R.R. 320, 324. That being so, the period of one year fixed by § 12 (*d*) of Act No. 464 of 1946 has ceased to be effective and the lower court should have granted the term of 90 days established by Act No. 24 of 1948.

For the reasons stated, the appeal should be dismissed as frivolous; but in view of the considerations set forth above, the judgment appealed from will be modified to order the eviction of the defendant within the period of 90 days counted from the date on which the judgment shall have

---

[1] That ground, as already stated by us, was included in subdivision *d* of § 12 of Act No. 464 of 1946.

become unappealable, that is, from the date on which the mandate of this Court shall have been received in the lower court, and, as thus modified, the judgment is affirmed.